UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOLORES FAHY, ET AL.,** : | |
| : | Case No. 19-cv-03758-JMY |
| *Plaintiffs* : | |
| : | |
| v. : | |
| : | |
| **CERTAIN UNDERWRITERS AT** : | |
| **LLOYD'S, LONDON**, : | |
| : | |
| *Defendant* : | |

**MEMORANDUM**

**YOUNGE, J.**                                                                                                        **NOVEMBER 25, 2019**

This lawsuit arises out of a claim for property insurance benefits related to a fire damage loss to a residence owned by Dolores Fahy, Joseph Fahy, and Lisa Fahy (collectively, "Plaintiffs"). Certain Underwriters at Lloyd's, London ("Defendant") is the named insurance company that contracted to provide insurance coverage. Presently before the Court are Defendant's Notice of Removal and its Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). (Not. of Removal, ECF No. 1; Def.'s Mot., ECF No. 10.) The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the following reasons, the Court concludes that it lacks subject matter jurisdiction over this action. Accordingly, Defendant's Motion to Transfer Venue will be dismissed as moot, and this matter will be remanded to the Court of Common Pleas of Philadelphia County.

**I.      BACKGROUND**

Defendant issued to Plaintiffs a homeowner's policy covering property located at 320 E. 16th Street, North Wildwood, New Jersey, 08260. (Compl. ¶ 3 and Ex. A, Not. of Removal Ex. A.) "On or about [April 23, 2018], while the [p]olicy was in full force and effect, Plaintiff[s]

suffered direct physical loss and damage to the insured [p]roperty believed to be the result of a peril insured against under the [p]olicy[.]" (Compl. ¶ 4.) Plaintiffs promptly gave notice of this alleged covered loss to Defendant. (*Id.* ¶ 5.) According to Plaintiffs, "despite demand for benefits under the [p]olicy, [Defendant] has refused, without legal justification or cause, and continues to refuse, to pay to Plaintiff[s] monies owed for the damages suffered as a result of the [l]oss." (*Id.* ¶ 6.)

On August 6, 2019, Plaintiffs filed suit against Defendant in the Philadelphia County Court of Common Pleas. (Not. of Removal ¶ 1.) In their Complaint, Plaintiffs assert two claims for relief against Defendant: (1) breach of contract, and (2) bad faith pursuant to 42 Pa. Cons. Stat. § 8371. (Compl. ¶¶ 8-16.) On August 16, 2019, Defendant filed a Notice of Removal pursuant to 28 U.S.C. § 1441, *et seq.*, invoking this Court's diversity jurisdiction. Defendant's Notice of Removal asserts that "[t]here is complete diversity" between Plaintiffs and Defendant in this action as follows:

> a. In the Complaint, Plaintiffs allege that their residences are in Delaware County, Pennsylvania. [] By reason of said places of residences, Plaintiffs are citizens of Pennsylvania.
>
> b. In the Complaint, Plaintiffs allege that Underwriters are a corporation authorized to conduct business as an insurance company within the Commonwealth of [Pennsylvania] who maintain a service of suit address at 750 7th Avenue, New York, NY 10019. [] There are no underwriting members resident or incorporated in the United States of America as recorded in the Lloyd's Membership system as of this date that participated in any of the syndicates effective the 2018 underwriting year of account, which includes the policy at issue. Accordingly, Underwriters are citizens and/or subjects of a foreign country.

(Not. of Removal ¶ 3.)

On September 6, 2019, Defendant filed its Answer to the Complaint, asserting a counterclaim for declaratory relief. (ECF No. 2.) On October 4, 2019, this case was assigned to

2

this Court's docket.  (ECF No. 7.)  On October 21, 2019, Defendant filed its Motion to Transfer Venue, seeking to transfer this action to the United States District of New Jersey, Camden Vicinage.  (Def.'s Mot. at 2.)  On October 29, 2019, this Court entered an Order directing Defendant to show cause by November 8, 2019, "as to why the Court should not *sua sponte* remand this action to state court based on Defendant's failure to allege facts sufficient to show that the Court has diversity jurisdiction over this matter."  (OSC, ECF No. 13.)  To date, Defendant has failed to respond to this Court's Order to Show Cause.

## II.     LEGAL STANDARD

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C.A. § 1441(a).  A district court may exercise subject matter jurisdiction over civil actions between "citizens of a state and citizens or subjects of a foreign state" where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a)(2).  As the party asserting jurisdiction, Defendant has "the burden of showing, at all stages of the litigation, that the case is properly before the federal court."  *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).  "Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand."  *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

"As courts of limited jurisdiction, federal courts have the duty to examine the propriety of jurisdiction even when the issue is not raised by the parties."  *McDonough v. Crum & Forster Personal Ins.*, No. 92-385, 1992 WL 114951, at *1 (E.D. Pa. May 20, 1992) (citing *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)).  Thus, a district court has authority to

remand a case *sua sponte* if it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("[T]he general rule that federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte* applies equally in removal cases.") (citations omitted).

### III. DISCUSSION

As noted above, Defendant maintains that the Court has jurisdiction pursuant to 28 U.S.C. § 1332 based on the diversity of the parties because "Plaintiffs are citizens of Pennsylvania" and Defendant is a "citizen . . . of a foreign country." (Not. of Removal ¶ 3.) However, the unique structure of Defendant requires greater scrutiny as it affects this Court's jurisdictional inquiry.

Our Court of Appeals has found that "Lloyd's is not an insurance company, but rather is an exchange or market where various individuals or groups bid on the right to insure a given risk. *Lloyd's takes no part in the business of underwriting*; policies are underwritten at Lloyd's and not by Lloyd's." *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.*, 177 F.3d 210, 221 (3d Cir. 1999) (emphasis added). Once individuals "have joined the market, these individuals may underwrite risks in this market. The individuals are alternately referred to as members, underwriters, or names." *Id.* "Each name has unlimited personal liability yet only to the extent of the percentage share of the risk that he or she has assumed." *Id.* "The holders of Lloyd's policies thus enter into contractual relationships with specific names [(*i.e.*, underwriters or syndicate members)] who have subscribed to the policy for the portion of the risk each name has agreed to underwrite." *Id.* And, "to increase the efficiency of underwriting risk and to

4

combine the resources of numerous individuals, names form groups called syndicates. However, syndicates are not legal entities. Syndicates do not assume liability or underwrite risks; names do." *Id.*

Accordingly, the nature of Defendant Lloyd's business model informs this Court's view that in determining whether diversity jurisdiction exists the Court must consider the citizenship of all of Defendant's names/members underwriting the subject homeowner's policy. *See CNX Gas Co., LLC v. Lloyd's of London et al.*, 2019 WL 5258166, at *6-7 (W.D. Pa. October 17, 2019) (noting that the majority of circuit courts to have considered this issue have found that the citizenship of all underwriter members must be considered) (collecting cases); *see also Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1091 (11th Cir. 2010) ("[After all,] it is the underwriters, not Lloyd's, who are the parties to this lawsuit.").

Therefore, in the Order to Show Cause, this Court notified Defendant that it was insufficient for it to "simply allege that there 'are no underwriting members resident or incorporated in the United States of America as recorded in the Lloyd's Membership system as of this date that participated in any of the syndicates effective the 2018 underwriting year of account, which includes the policy at issue.'" (OSC at 2 (quoting Not. of Removal ¶ 3).) The Court further reminded Defendant that the burden rests on Defendant Lloyd's to show complete diversity in the matter. (*Id.* at 2-3); *see Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 n.36 (3d Cir. 2015) ("Of course, where the unincorporated association is the proponent of diversity jurisdiction, there is no reason to excuse it of its obligation to plead the citizenship of each of its members."); *see also McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) ("The party asserting diversity jurisdiction bears the burden of proof.").

5

Notwithstanding this Court's warning, Defendant failed to respond to the Order to Show Cause. As the removing party with the burden of establishing complete diversity, Defendant's failure to identify and establish the citizenship of all the names/members who underwrote the subject homeowner's policy makes it impossible for this Court to exercise diversity jurisdiction on removal, and, therefore, remand is appropriate.

### IV. CONCLUSION

Based on the foregoing analysis, the Court finds that it lacks subject matter jurisdiction to adjudicate this action. Accordingly, Defendant Motion to Transfer Venue will be dismissed as moot, and this matter will be remanded to the Court of Common Pleas of Philadelphia County. An appropriate Order follows.

**IT IS SO ORDERED.**

                                              **BY THE COURT:**

                                              /s/ Judge John Milton Younge

                                              **Judge John Milton Younge**